MARCELINO ANDINO FLORES ET AL., Plaintiffs, Appellees and Appellants, *v.* ANTONIA ANDINO FLORES ET AL., Defendants, Appellants and Appellees.

No. 12266.   Resubmitted June 21, 1961.—Decided June 29, 1961.

*Juan Figueroa Rivera* and *José N. Moreno* for defendants-appellants-appellees. *Enrique Igaravídez, Virgilio Brunet* and *Luis Miranda Correa* for plaintiffs-appellees-appellants.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

We agree with the trial court in that the evidence in this case does not sustain plaintiffs' claim that the testator, by virtue of "senility and mental confusion," was not in his right mind when he made his will—V-I Puig Peña, *Tratado de Derecho Civil Español* 102 (Editorial Revista de Derecho Privado, 1954 ed.) ; and that the testator was practically kidnapped by defendants at a time contemporaneous with the execution of the will. On the contrary, the evidence shows that defendants suggested to plaintiff Marcelino Andino to take the testator to his home, so that he would not be alone at defendants' home when the latter had to go out (t. 95). The other ground for nullity, that the will was not executed during a single act, does not establish any interruption in the final testamentary process which might compel us to consider this matter—*Cintrón* v. *Cintrón*, 70 P.R.R. 734, 739, 740 (De Jesús, 1950)—and as to the fact that the notary does not attest, of his own knowledge and in a firm and definite manner, that the testator was capable of executing the will, the deed is clear as to the capacity required, when the notary affirms that the appearing party has "in my opinion and in the opinion of the witnesses, the necessary legal capacity to make his will" (t. 134). As to the sufficiency of notary's and witnesses' judgment as to their capacity, see Puig Peña *op. cit.* at 114-115. Compliance with the provisions of the

Civil Code in effect in Puerto Rico is a formal requisite which may be established through an examination of the document.

■ However, we do not agree with the trial court in its conclusion of law that because heiress Antonia Andino Flores did not obtain the testamentary letters pursuant to § 597 of the Code of Civil Procedure of Puerto Rico, 32 L.P.R.A. § 2571, it should be understood that she did not accept the office of executor, and pursuant to the provisions of § 822 of our Civil Code, she lost her right to the better portion and to participate with the other heirs in the one half of the free third. It clearly flows from the evidence that after the testator's death, his daugther Antonia continued to administer the estate of the deceased as she had done during his lifetime. Since there was no express waiver within the six-day term, the executorship shall be understood as impliedly accepted pursuant to § 820 of our Civil Code.

■■ The case of *Mercado* v. *Mercado*, 66 P.R.R. 764 (on reconsideration) (De Jesús, 1947) invoked by the trial court to declare § 820 of our Civil Code incompatible with § 597 of our Code of Civil Procedure, is distinguishable. Section 830 of the Civil Code of Puerto Rico states that executorship is a gratuitous office and § 586 of our Code of Civil Procedure states that executorship is to be compensated, besides enlarging the duties of executorship. In the case of Mercado, referring to the question of compensation, this Court held that § 586 of the Code of Civil Procedure should prevail because it was the most recent legislation. But in this case, the provisions of § 597 of the Code of Civil Procedure of Puerto Rico which refers to obtaining the testamentary letters, are not in conflict or incompatible with the provisions of § 820 of our Civil Code, referring to the ways in which executorship may be accepted. The former is applicable to those cases of express acceptance when the extension of the testamentary estate and the complexities of juridical affairs compel the executor to obtain from the competent court a verification of its powers to act.

The latter is applicable to cases of tacit acceptance as in the case at bar. The most reliable rule of hermeneutics is that which tends to reconcile the contradictions between two statutes in order to fix the real scope of each.

The judgment is affirmed as to the review requested by plaintiffs-appellees-appellants and it is reversed as to the review sought by defendants-appellants-appellees.